UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| MKP Properties, LLC, | Case No:0:17-CV-4530 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| American National Property and Casualty Company and Steven M. Zappa, | **Demand for Jury Trial** |
| Defendants. | |

_____

Plaintiff, for its Complaint against the above-named Defendants, states and alleges as follows:

1. This Court has subject matter jurisdiction pursuant to The National Flood Insurance Act, 42 U.S.C. § 4053 and 42 U.S.C § 4072, or other applicable law.

2. As set forth factually throughout this Complaint, this Court is the proper venue pursuant to The National Flood Insurance Act, 42 U.S.C. § 4053 and 42 U.S.C § 4072 or other applicable law.

3. American National Property and Casualty Company ("ANPAC") is a property and casualty insurance company with a home office located at 1949 E. Sunshine St., Springfield, MO 65899-0007, with agents soliciting business within the State of Minnesota.

4. Steven M. Zappa ("Zappa") is an insurance agent for ANPAC, with a principal place of business located at 111 W. Main Street, Owatonna, MN 55060-2913.

5.  MKP Properties, LLC ("MKP") is a Minnesota limited liability company with a principal executive office located at 2892 NE 67th Avenue, Owatonna, MN 55060.

6.  At all times relevant to this action, ANPAC authorized Zappa to act as ANPAC's agent for the purpose of issuing insurance policies, including standard flood insurance policies under the National Flood Insurance Program.

7.  MKP is the owner of a commercial property located at 600, 602, 606, 608, 610, and 612 Hoffman Drive, Owatonna, MN ("MKP Property").

8.  MKP was the owner of a Standard Flood Insurance Policy No. 87055796642015 ("Policy"), issued to MKP by ANPAC through its agent, Zappa, and effective from May 30, 2015 through May 30, 2016.  The Policy covered the MKP Property.

9.  The Policy was renewable on an annual basis.

10. At not less than forty-five (45) days before the expiration of the Policy, ANPAC was required to send the Initial Renewal Notice by first class mail to all parties listed on the declarations page, which included MKP as the owner of the insured property, SBA as servicer of the loan secured by the insured property, and Zappa as the agent/producer of the Policy.

11. The Initial Renewal Notice was not timely received by MKP, Zappa or SBA.

12. Once the original policy expires, ANPAC was required to send a Final Notice to all parties listed on the declarations page, which in this case included MKP, SBA and Zappa.  The Final Notice must indicate that coverage has expired and that the expired policy will be reissued with a new effective date if the premium payment is received by the insurer within thirty (30) days following the policy expiration date.

13. The Final Notice was not timely received by MKP, Zappa or SBA.

14. Zappa filled out the application for insurance for the Policy.

15. Zappa failed to provide the correct mailing address for MKP on the flood insurance application, resulting in the address listed on the policy declarations being incorrect.

16. Zappa provided the incorrect address of 371 18th Street SW, Owatonna, MN to ANPAC for MKP and that is the address listed on the Policy declarations.

17. The correct address for MKP, at all relevant times, was 2892 NE 67th Avenue, Owatonna, MN.

18. Upon information and belief, the address for the loan servicer, SBA, was incorrect. The address listed on the declarations is PO Box 740192, Atlanta GA 30374-0192. The correct address, according to the SBA, is 801 Tom Martin Drive, Suite 120, Birmingham, AL 35211.

19. Zappa represented that the Policy could be renewed on a yearly basis.

20. On September 22, 2016, a flood damaged the MKP Property. Consequently, MKP submitted a timely claim to ANPAC under the Policy for the damage caused by the flood.

21. In a letter dated October 17, 2016, postmarked October 18, 2016, and received by MKP on November 7, 2016, ANPAC notified MKP that it was denying MKP's claim for flood damage to the MKP Property.

22. The Policy provides that if ANPAC fails to mail the renewal notices, or because of mutual mistake mails such notices to an incorrect, incomplete or illegible address,

ANPAC must provide the insured with an opportunity to renew the Policy, as long as ANPAC is notified within one year of when the renewal premium was due of the nonreceipt of the renewal notices.

23.   MKP notified ANPAC, in a letter dated December 6, 2016, that it had not received the renewal notices.  Even after receiving that notice, ANPAC refused to allow MKP to renew the Policy.

24. Zappa notified ANPAC, in a letter dated January 24, 2017, that the renewal notice was not sent to the correct address.  ANPAC again refused to allow MKP to renew the Policy.

25.   The damage to the MKP Property as a result of the September 22, 2016 flood and according to the terms of the Policy is in the amount of $172,246.36.

## COUNT 1
## BREACH OF CONTRACT – ANPAC

26.   The foregoing paragraphs are realleged and incorporated by reference.

27.   ANPAC authorized Zappa to act as its agent for the issuance of the Policy to MKP.

28.   ANPAC is bound by Zappa's representation to and agreement with MKP that the Policy would be renewed on an annual basis.

29.   ANPAC breached its contract with MKP when it denied coverage under the Policy for damage caused by the September 22, 2016 flood.

30.   ANPAC breached its contract with MKP when it failed to timely deliver the Initial Renewal Notice and Final Notice to MKP, Zappa and SBA.

31. ANPAC breached its contract with MKP when it refused to allow MKP to renew the Policy, after being notified by MKP and Zappa that the renewal notices had not been sent to the correct addresses.

32. As a direct and proximate result of such breaches, MKP has incurred damages in the amount of $172,246.36.

## COUNT 2
## BREACH OF CONTRACT – ZAPPA

33. The foregoing paragraphs are realleged and incorporated by reference.

34. MKP asked Zappa to obtain and Zappa agreed to obtain a standard flood insurance policy with ANPAC that covered the MKP Property, and that provided for the annual renewal of that policy.

35. Zappa breached his contract with MKP when he failed to obtain a renewal policy for MKP that provided flood insurance coverage for the MKP Property.

36. Zappa breached his contract with MKP when he failed to include the correct address for MKP on the application for flood insurance.

37. As a direct and proximate result of such breaches, MKP has incurred damages in the amount of $172,246.36.

## COUNT 3
## DOCTRINE OF REASONABLE EXPECTATIONS – ANPAC

38. The foregoing paragraphs are realleged and incorporated by reference.

39. MKP had a reasonable expectation that it would receive the Initial Renewal Notice and Final Notice in timely manner in order that it could renew the Policy and thus

the Doctrine of Reasonable Expectations should be applied to provide coverage for the damage MKP incurred as a result of the September 22, 2016 flood.

### COUNT 4
### NEGLIGENCE – ZAPPA

40. The foregoing paragraphs are realleged and incorporated by reference.

41. MKP asked Zappa to obtain and Zappa agreed to obtain a standard flood insurance policy with ANPAC that covered the MKP Property and that provided for the annual renewal of that policy.

42. Zappa was negligent in that he failed to obtain a renewal policy for MKP that provided flood insurance coverage for the MKP Property.

43. Zappa was negligent in that he failed to include the correct address for MKP on the application for flood insurance.

44. Zappa was negligent in that he failed to include the correct address for the SBA on the application for flood insurance.

45. As a direct and proximate result of such breaches, MKP has incurred damages in the amount of $172,246.36

WHEREFORE, Plaintiff prays for the following relief:

A. A jury trial on all issues so triable.

B. Monetary judgment in favor of Plaintiff and against ANPAC in the amount of $172,246.36.

C. Monetary judgment in favor of Plaintiff and against Zappa in the amount of 172,246.36.

D.    Monetary judgment against ANPAC for Plaintiff's costs, disbursements, interest and attorney fees as allowed by law.

E.    Monetary judgment against Zappa for Plaintiff's costs, disbursements, interest and attorney fees as allowed by law.

F.    For such other relief as the Court deems equitable and just.

**FARRISH JOHNSON LAW OFFICE, CHTD**

Dated: October 4, 2017

s/ Scott V. Kelly
Scott V. Kelly – Bar Number 0132937
Aaron J. Glade – Bar Number 0316325
1907 Excel Drive
Mankato, MN  56001
Phone:  507.625.2525
Fax:  507.625.4394
skelly@farrishlaw.com
aglade@farrishlaw.com

*Attorneys for Plaintiff*